Fargo, President, etc., *v.* The Ledger-Standard Co.

Express Company.—*Filing and Publishing Statement.—Statute Construed.*— Under the act of March 5th, 1855, 1 R. S. 1876, p. 466, " declaring express companies to be common carriers," etc., it is the duty of the county recorder to procure the publication of the statement required of any such company by the 2d section of such act; and the company is liable to the person making such publication, for the value thereof, where not made on contract.

Same.—*Principal and Agent.*—The filing of such statement, by any such company, in the recorder's office, gives the recorder authority to have the same published at its expense.

From the Floyd Circuit Court.

*J. H. Stotsenburg,* for appellant.

*J. V. Kelso,* for appellee.

Perkins, J.—The Ledger-Standard Company sued the American Express Company for the sum of twenty-two dollars and fifty cents, for publishing " an official statement of said defendant," a copy of which was filed with, and made part of, the complaint.

The plaintiff demanded judgment for twenty-five dollars.

The statement published was one that the company was required to make by the statute of the State (1 R. S. 1876, p. 466,) "declaring express companies to be common carriers," etc.

The defendant for answer said: " That before, and up to, and at the time when the work and labor were done, as alleged in said complaint, the said American Express Company was and is an association of persons usually called an express company, and, as such express company, regularly engaged in the business of carrying and transporting packages and parcels of bank notes, coin, merchandise and other articles, over and on the railroads, rivers, canals and other thoroughfares in this State, and receiving and agreeing to receive compensation for such services as common carriers ; and that, as such company, on the 19th day of November, 1875, it filed in the office of the recorder of Floyd county, in which a part of its business was then and is now conducted, and in which it had then and now an agency and office, a statement showing the full name of every member of such company, and also his or her proper place of residence, and the amount of capital employed in the business aforesaid, and also an agreement that legal process served upon any agent of said company, in said county, should be deemed and taken as good service upon the said company, the statement so filed being the same required by the 2d section of chapter 57, act of March 5th, 1855, 1 G. & H., p. 327, and in strict accordance therewith, and thereupon the said recorder made a record of the same, and he also published in the newspaper of the plaintiff, published in said county, a full and complete copy of the said statement and agreement, which was then and there duly certified by said recorder. The said statement was signed by the members of said company, and verified by oath before it

was admitted to record.   For the services above set forth and required, the recorder aforesaid demanded and received from the said company the sum of five dollars ($5), being the amount fixed by the law of March 5th, 1855, 1 G. & H., p. 327, in such case made and provided.   The defendant never, at any time, ordered the publication described in, and annexed to, the complaint; if made at all by the plaintiff, it was made at the instance of the recorder aforesaid, in the manner aforesaid, and for such service, by publication as aforesaid, and for all the services required by said act, this defendant paid said recorder said sum of five dollars, all of which this defendant is ready to verify.   The amount claimed by the plaintiff herein, and the work and labor set out in its complaint, and every part thereof, was and is claimed and done and furnished at the instance of said recorder, under said law, and not by the order, express or implied, or subsequent ratification, of this defendant."

A demurrer to the answer was sustained, and exception entered.

The defendant declined to answer further, and elected to abide by its demurrer.

The plaintiff had judgment for twenty-two dollars and fifty cents, and costs.

The only error assigned in this court is the sustaining of the demurrer to the answer.

We find no difficulty in coming to a conclusion in this case.

The statute hereinbefore cited required the appellant, the defendant below, to do, and to have done for it by others, certain things, as conditions precedent to its doing business in Floyd county, in this State, viz.: it was to file a certain statement and agreement in the office of the recorder of the county.   It then became the duty of the recorder to record the same and publish it in a newspaper of the county.   The direction in the statute to the recorder, to publish the statement in a newspaper, did not

mean that he should perform the work of publishing it himself, but that he should furnish a copy of the statement to the paper, and request its publication. The paper was to do the publishing. When the plaintiff furnished the statement to the recorder, under the law, it thereby authorized that officer to record it for the plaintiff, and to procure its publication in a newspaper, for the plaintiff. The statute fixed the compensation of the recorder for his services in recording, copying and procuring the publication of the statement, at five dollars. It did not fix the price to be paid for the printing and publishing, but left that to be determined by contract, or upon *quantum meruit.*

It is not claimed by appellant, that the printing and publishing were to be done gratuitously, but that they were to be paid for by the recorder out of the five dollars to be paid to him for his services, or other of his private funds. The statute required him to publish, that is, to cause it to be published, in a newspaper, but it did not require him to pay for the publication, unless direction to publish it included, by implication, the order that he should pay for it. We do not think that direction should be given so broad a meaning. It would be imputing to the Legislature a purpose to perpetrate gross injustice, and such a construction should be avoided, if possible. The imputation is avoided by the construction we have given the statute, and that construction consists with its language. See, as to construction of statutes, *Halstead* v. *The Board, etc.,* 56 Ind. 363, and cases cited.

The appellant avers, in its answer, that it did not request the publication, and that it was not done by its order, express or implied. We think it was. The appellant was desirous of doing business, for gain, in Floyd county, Indiana; but the statute provided, that " until such notice be given it shall not be lawful for any person, association, or company, to transact the business named in the 1st section of this act, in such county." Such

notice could not be published till after the statement had been filed in the recorder's office. Compliance with this law was optional with the appellant. The appellant elected to comply. When, therefore, it so notified the recorder and filed the statement, it, in effect, requested the recorder to record the same, and to do, and have·done, what the law required to be done, to enable it to do business, viz., to procure, .among other services, the statement to be published· in a newspaper, as the law, as we have said, required such publication. This was done, and for the appellant, solely for its benefit so far as the recorder was concerned, to enable said appellant, by compliance with the law, to enter upon its business for gain, which it wished to prosecute in said county.

It may well be said, therefore, that the appellant did request the publication in the newspaper; that it was published by its request, for its benefit; and, as a consequence, that it is liable to pay for it.

The judgment is affirmed, with costs.